UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER DANIEL BENJAMIN,

Plaintiff,

v.

P. HORN, et al.,

Defendants.

Case No.: 1:26-cv-05677-EGC (PC)

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

(Doc. 6)

Plaintiff Christopher Daniel Benjamin is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

Plaintiff initiated this action by filing a complaint on July 21, 2026. (Doc. 1.)

On August 3, 2026, Plaintiff filed a motion for appointment of counsel. (Doc. 6.)

**II. DISCUSSION**

Plaintiff seeks the appointment of counsel on the following bases: (1) he is proceeding in forma pauperis (IFP) and cannot afford to retain counsel; (2) his imprisonment will limit his ability to litigate this action; (3) the issues are complex; (4) he has limited access to the law library; (5) his mental health "prevents him from fully grasping the complexity of this case;" and (6) a trial will likely include conflicting testimony and counsel would be better suited to cross examine witnesses and present evidence. (Doc. 6.)

***Applicable Legal Standards***

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

***Analysis***

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Significantly, Plaintiff's complaint has not yet been screened.[1] Thus, a determination concerning the likelihood of Plaintiff's success on the merits of his claims is premature. *See, e.g.*, *Porter v. Rivas*, No. 1:23-cv-00105- ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening"); *Scally v. Velasquez*, No. 22-CV-140 JLS (MDD), 2022 WL 3325916, at *6 (S.D. Cal. Aug. 11, 2022) ("Because Defendants have yet to respond to the

[1] This Court is one of the busiest district courts in the nation. All judges carry heavy caseloads. Dozens of prisoner civil rights complaints await screening on the undersigned's caseload. Delays, while unfortunate, are inevitable. Further, the Court is currently experiencing a continued judicial emergency that further affects the delays experienced by litigants in this Court. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/. Plaintiff's complaint will be screened in due course.

Amended Complaint, a determination regarding the likelihood of success on the merits or Scally's ability to prosecute this matter is premature").

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds Plaintiff able to articulate his claims in light of their complexity. A brief review of Plaintiff's complaint reveals claims alleging a violation of due process concerning durable medical equipment, deliberate indifference to serious medical needs, and negligence. (Doc. 1.) Despite Plaintiff's assertion to the contrary, these claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *see also, e.g.*, *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was deliberately indifferent to Plaintiff's serious medical needs … is not complex"); *Sekona v. Custino*, No. 2:16-CV-0517-JAM-DMC-P, 2021 WL 5165804, at *1 (E.D. Cal. Nov. 5, 2021) ("the claims raised—an Eighth Amendment safety claim and a due process claim—are not complex legally or factually").

Further, "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel." *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) (same).

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's challenges on litigation do not constitute an exceptional circumstance. [] If Plaintiff's incarceration was an exceptional

circumstance, any prisoner would be entitled to counsel"); *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"). *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

As concerns Plaintiff's claim that his "mental health prevents [him] from grasping the complexity of this case," Plaintiff is advised that an incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence. *See McElroy v. Cox*, Civil No. 08–1221 JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009); *West v. Dizon*, No. 2:12-cv-1293 DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (finding no extraordinary circumstances justifying appointment of counsel for inmate-plaintiff who merely alleged mental disability without any evidence detailing its nature or effects, and which inmate had surmounted with help of other inmates). Other than Plaintiff's assertion noted above, he presents no evidence of incompetence, therefore, exceptional circumstances do not exist warranting the appointment of counsel.

Lastly, Plaintiff is advised the fact that an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at an evidentiary hearing or trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Courtney*

*v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Lopez v. Cate*, No. 1:10-cv-01773-AWI-SKO-PC, 2015 WL 2409281, at *1 (E.D. Cal. May 19, 2015) ("this case does not present 'exceptional circumstances' supporting a need for appointment of counsel to represent Plaintiff, either generally or with respect to the evidentiary hearing"); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

In sum, the test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that Plaintiff's motion for the appointment of counsel (Doc. 6) is **DENIED**.

IT IS SO ORDERED.

Dated: **August 5, 2026**

Erin Sany Castillo

UNITED STATES MAGISTRATE JUDGE